1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                            SACRAMENTO DIVISION

11

12   JEFFREY A. CARON,                          CASE NO. 2:17-cv-00183-KJM-CKD

13            Plaintiff,                         **STIPULATED PROTECTIVE ORDER;**
                                                 **[PROPOSED] ORDER**
14        v.
                                                 Magistrate Judge Carolyn K. Delaney
15   ACT-ON SOFTWARE, INC.; SONYA PAUL;          Courtroom 24, 8th Floor
     DAVID RIBBENS, CHRIS HARDEMAN; and
16   Does 1 through 10,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Jeffrey A, Caron ("Plaintiff") and Defendant Act-On Software, Inc. ("Defendant") (collectively, the "Parties", each individually a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Sections 12.3 and 12.4 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 140 and 141 and General Order 164 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1     **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter, including but not limited to answers to interrogatories, responses to requests for production, responses to requests for admission, deposition and exhibits, and transcripts of depositions and hearings (or portions of such transcripts).

2.6  **Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7  **House Counsel:**  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8  **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9  **Outside Counsel of Record:**  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party.

2.10  **Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11  **Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  **Professional Vendors:**  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  **Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

2.14  **Receiving Party:**  a Party and his, her or its Counsel of Record in this litigation that receives Disclosure or Discovery Material from a Producing Party.

**3.**     **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

**5.1**     **Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not

1  swept unjustifiably within the ambit of this Order.

2  **5.2**   Mass, indiscriminate, or routinized designations are prohibited.  Designations that

3  are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

4  unnecessarily encumber or retard the case development process or to impose unnecessary

5  expenses and burdens on other parties) expose the Designating Party to sanctions.

6  **5.3**   If it comes to a Designating Party's attention that information or items that it

7  designated for protection do not qualify for protection, that Designating Party must promptly

8  notify all other Parties that it is withdrawing the mistaken designation.

9  **5.4**   **Manner and Timing of Designations.**  Except as otherwise provided in this

10  Order (see, *e.g.*, second paragraph of Section 5.4(a) below), or as otherwise stipulated or ordered,

11  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

12  designated before the material is disclosed or produced.  Nothing in this Order concerning

13  designation for protection, however, shall be interpreted as controlling the form of production of

14  any material by any Designating Party.

15  Designation in conformity with this Order requires:

16  (a)   for information in documentary form (*e.g.*, paper or electronic documents, but

17  excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix

18  the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or

19  portions of the material on a page qualifies for protection, the Producing Party also must clearly

20  identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

21  A Party or Non-Party that makes original documents or materials available for inspection

22  need not designate them for protection until after the inspecting Party has indicated which

23  material it would like copied and produced.  During the inspection and before the designation, all

24  of the material made available for inspection shall be deemed Protected Material.  After the

25  inspecting Party has identified the documents it wants copied and produced, the Producing Party

26  must determine which documents, or portions thereof, qualify for protection under this Order.

27  Then, before producing the specified documents, the Producing Party must affix the legend

28  "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions

1  of the material on a page qualifies for protection, the Producing Party also must clearly identify

2  the protected portion(s) (e.g., by making appropriate markings in the margins);

3       (b)     for testimony given in deposition or in other pretrial proceedings, that the

4  Designating Party identify on the record, before the close of the deposition, hearing, or other

5  proceeding, all protected testimony.  When it is impractical to identify separately each portion of

6  testimony that is entitled to protection and it appears that substantial portions of the testimony

7  may qualify for protection, a Designating Party may specify, at the deposition that the entire

8  transcript shall be treated as "CONFIDENTIAL;" and

9       (c)     for information produced in some form other than documentary and for any other

10 tangible items, that the Producing Party affix in a prominent place on the exterior of the container

11 or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a

12 portion or portions of the information or item warrant protection, the Producing Party, to the

13 extent practicable, shall identify the protected portion(s).

14      **5.5     Inadvertent Failures to Designate.**  If any "CONFIDENTIAL" information or

15 items are inadvertently provided to a discovering party without being marked appropriately as

16 Protected Material in accordance with this Order, the Producing Party may thereafter designate

17 such material(s) as "CONFIDENTIAL" and the initial failure to so mark the material shall not be

18 deemed a waiver of its confidentiality.  Upon timely correction of a designation, the Receiving

19 Party must make reasonable efforts to assure that the material is treated in accordance with the

20 provisions of this Order.

21 **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22      **6.1     Timing of Challenges.**  Any Party or Non-Party may challenge a designation of

23 confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

24 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

25 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

26 challenge a confidentiality designation by electing not to mount a challenge promptly after the

27 original designation is disclosed.

28      **6.2     Meet and Confer.**  The Challenging Party shall initiate the dispute resolution

1    process by providing written notice of each designation it is challenging and describing the basis

2    for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

3    notice must recite that the challenge to confidentiality is being made in accordance with this

4    specific Section of the Protective Order.  The Parties shall attempt to resolve each challenge in

5    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

6    forms of communication are not sufficient) within fourteen (14) days of the date of service of

7    notice.  In conferring, the Challenging Party must explain the basis for its belief that the

8    confidentiality designation was not proper and must give the Designating Party an opportunity to

9    review the designated material, to reconsider the circumstances, and, if no change in designation

10   is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

11   the next stage of the challenge process only if it has engaged in this meet and confer process first

12   or establishes that the Designating Party is unwilling to participate in the meet and confer process

13   in a timely manner.

14        **6.3**    **Judicial Intervention.**  If the Parties cannot resolve a challenge without court

15   intervention, the Designating Party shall file and serve a noticed motion pursuant to Civil Local

16   Rule 251 to retain confidentiality (in compliance with Civil Local Rules 140 and 141, if

17   applicable) within twenty-one (21) days of receipt of written notice from the Challenging Party

18   that the Parties have not resolved the challenge to a confidentiality designation, unless the Parties

19   mutually agree to a longer period.  Each such motion must be accompanied by a competent

20   declaration affirming that the movant has complied with the meet and confer requirements

21   imposed in the preceding Section.  Failure by the Designating Party to make such a motion

22   including the required declaration within twenty-one (21) days (or a longer period if the Parties

23   agree) shall automatically waive the confidentiality designation for each challenged designation.

24        In addition, the Challenging Party may file a motion challenging a confidentiality

25   designation at any time if there is good cause for doing so, including a challenge to the

26   designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

27   provision must be accompanied by a competent declaration affirming that the movant has

28   complied with the meet and confer requirements imposed by the preceding paragraph.

1        The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose

3    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

4    sanctions.  All Parties shall continue to afford the material in question the level of protection to

5    which it is entitled under the Designating Party's designation until the Court rules on the

6    challenge.

7    **7.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

8        **7.1**    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed

9    or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

10    defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

11    to the categories of persons and under the conditions described in this Order.  When the litigation

12    has been terminated, as defined in Section 4, a Receiving Party must comply with the provisions

13    of Section 13 below (FINAL DISPOSITION).

14        Protected Material must be stored and maintained by a Receiving Party at a location and

15    in a secure manner that ensures that access is limited to the persons authorized under this Order.

16        **7.2**    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise

17    ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

18    disclose any information or item designated "CONFIDENTIAL" only to:

19        (a)    the Receiving Party's Outside Counsel of Record in this action, House Counsel,

20    and employees of said Counsel to whom it is reasonably necessary and only for the purpose of

21    conducting or assisting in this litigation;

22        (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is

23    reasonably necessary for this litigation and who have signed the "Acknowledgment and

24    Agreement to Be Bound" (Exhibit A);

25        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

26    reasonably necessary for this litigation and who have signed the "Acknowledgment and

27    Agreement to Be Bound" (Exhibit A);

28        (d)    the Court and its personnel;

1    (e)    court reporters and their staff, professional jury or trial consultants, mock jurors,

2  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

3  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

5  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

6  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

7  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

8  bound by the court reporter and may not be disclosed to anyone except as permitted under this

9  Stipulated Protective Order; or

10    (g)    the author or recipient of a document containing the information or a custodian or

11  other person who otherwise possessed or knew the information.

12  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

13  **OTHER LITIGATION**

14    If a Receiving Party is served with a subpoena or a court order issued in other litigation

15  that compels disclosure of any information or items designated in this action as

16  "CONFIDENTIAL" the Receiving Party must:

17    (a)    promptly notify in writing the Designating Party.  Such notification shall include a

18  copy of the subpoena or court order;

19    (b)    promptly notify in writing the party who caused the subpoena or order to issue in

20  the other litigation that some or all of the material covered by the subpoena or order is subject to

21  this Protective Order.  Such notification shall include a copy of this Protective Order; and

22    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

23  Designating Party whose Protected Material may be affected.

24    If the Designating Party timely seeks a protective order, the Party served with the

25  subpoena or court order shall not produce any information designated in this action as

26  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

27  issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

28  shall bear the burden and expense of seeking protection in that court of its confidential material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1   **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3   Material to any person or in any circumstance not authorized under this Protective Order, the

4   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

5   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

6   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

7   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

8   Be Bound" that is attached hereto as Exhibit A.

9   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

10         **PROTECTED MATERIAL**

11         When a Producing Party gives notice to Receiving Parties that certain inadvertently

12  produced material is subject to a claim of privilege or other protection, the obligations of the

13  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14  provision is not intended to modify whatever procedure may be established in an e-discovery

15  order that provides for production without prior privilege review. Pursuant to Federal Rule of

16  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

17  communication or information covered by the attorney-client privilege or work product

18  protection, the parties may incorporate their agreement in the stipulated protective order

19  submitted to the court.

20  **12.    MISCELLANEOUS**

21         **12.1    Right to Further Relief.**  Nothing in this Order abridges the right of any person to

22  seek its modification by the court in the future.

23         **12.2    Right to Assert Other Objections.**  By stipulating to the entry of this Protective

24  Order no Party waives any right it otherwise would have to object to disclosing or producing any

25  information or item on any ground not addressed in this Protective Order.  Similarly, no Party

26  waives any right to object on any ground to use in evidence of any of the material covered by this

27  Protective Order.

28         **12.3    Filing Protected Material.**  Without written permission from the Designating

Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, except as provided in section 12.4. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 140 and 141 and General Order 164. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rules 140 and 141 and General Order 164, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

**12.4    Sealing and Protective Orders**:  No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to him and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.  If the Designating Party fails to make a request to file Protected Material under seal pursuant to Civil Local Rules 140 and 141 and General Order 164 prior to a deadline to file by the Filing Party, imposed by the Federal Rules or by order of the court; or if Designating Party's request to file Protected Material under seal is denied by the court, then the Filing Party may file the information in the public record pursuant to Civil Local Rules 140 and 141 unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Unless otherwise ordered or agreed-to in writing by the Producing Party, within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

1   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

2   any other format reproducing or capturing any of the Protected Material.  Whether the Protected

3   Material is returned or destroyed, the Receiving Party must submit a written certification to the

4   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)

5   day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

6   was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies,

7   abstracts, compilations, summaries or any other format reproducing or capturing any of the

8   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

9   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

11  consultant and expert work product, even if such materials contain Protected Material.  Any such

12  archival copies that contain or constitute Protected Material remain subject to this Protective

13  Order as set forth in Section 4 (DURATION).

14          **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

15

16  DATED:  July 25, 2017                    STOEL RIVES LLP

17

18                                           By: /s/ Bryan L. Hawkins
                                                 EDWARD C. DUCKERS
19                                               BRYAN A. HAWKINS
                                                 Attorneys for Defendant
20                                               ACT-ON SOFTWARE, INC.

21

22  DATED:  July 25, 2017                    LAW OFFICE OF CALVIN CHANG

23

24                                           By: /s/ Calvin Chang (as authorized on
                                                 7/20/2017)
25                                               CALVIN CHANG
                                                 Attorneys for Plaintiff
26                                               JEFFREY A. CARON

27

28

1

**[PROPOSED]** ORDER

2

Upon reading the foregoing Stipulation, and good cause appearing therefore, IT IS SO

3

ORDERED.

4

5

Dated:  July 26, 2017

6

_____

7

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern District of

California on _____ [date] in the case of Caron v. Act-On Software, Inc., et al.,

Case No. 2:17-cv-00183-KJM-CKD.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____, 20___

City and State where
sworn and signed:        _____

Printed name: _____

Signature:        _____